## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RILEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL BLOOD THERAPEUTICS, INC.,<br>TED W. LOVE, SCOTT W. MORRISON,<br>DEVAL L. PATRICK, MARK L. PERRY,<br>GLENN F. PIERCE, PHILIP A. PIZZO,<br>DAWN A. SVORONOS, ALEXIS A.<br>THOMPSON, and WENDY L. YARNO,<br><br>　　　　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE SECURITIES EXCHANGE<br>ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Sean Riley ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.　　Plaintiff brings this action against Global Blood Therapeutics, Inc. ("GBT" or the "Company") and GBT's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Pfizer Inc. through its wholly-owned subsidiary Ribeye Acquisition Corp. (collectively "Pfizer").

2.　　Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on August 29, 2022. The Proxy recommends that GBT stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby GBT is acquired by Pfizer. The Proposed Transaction was first disclosed

1

on August 8, 2022, when GBT and Pfizer announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Pfizer will acquire all of the outstanding shares of common stock of GBT for $68.50 per share (the "Merger Consideration"). The deal is valued at approximately $4.5 billion.

3.     The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by GBT management, the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan") and Centerview Partners LLC ("Centerview"), GBT's financial advisors, and potential conflicts of interest faced by Company insiders.

4.     For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to GBT's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to GBT's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5.     Plaintiff is, and has been at all relevant times, the owner of shares of common stock of GBT.

6.     Defendant GBT is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 181 Oyster Point Blvd., South San Francisco, California 94080. GBT common stock trades on NASDAQ under the ticker

symbol "GBT."

7.    Defendant Ted W. Love has been a director of the Company since 2013 and  as GBT's President and Chief Executive Officer since 2014.

8.    Defendant Scott W. Morrison has been a director of the Company since 2016.

9.    Defendant Deval L. Patrick has been a director of the Company since 2015.

10.   Defendant Mark L. Perry has been a director of the Company since 2015.

11.   Defendant Glenn F. Pierce has been a director of the Company since 2016.

12.   Defendant Philip A. Pizzo has been a director of the Company since 2015.

13.   Defendant Dawn A. Svoronos has been a director of the Company since 2018.

14.   Defendant Alexis A. Thompson has been a director of the Company since 2021.

15.   Defendant Wendy L. Yarno has been a director of the Company since 2017.

16.   Nonparty Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware. Pfizer's principal executive offices are located at 235 East 42nd Street, New York, New York 10017. Pfizer common stock trades on the New York Stock Exchange under the ticker symbol "PFE."

17.   Nonparty Ribeye Acquisition Corp. is a Delaware corporation and is a wholly owned subsidiary of Pfizer Inc.

## JURISDICTION AND VENUE

18.   This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19.   Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either

3

present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company and the Proposed Transaction

21.     GBT is a biopharmaceutical company in the business of development and delivery of treatments, including sickle cell disease ("SCD"). Founded in 2011, GBT developed Oxbryta (voxelotor), the first FDA-approved medicine that directly inhibits sickle hemoglobin (HbS) polymerization, the root cause of red blood cell sickling in SCD. GBT is also advancing its pipeline program in SCD with inclacumab, a P-selectin inhibitor in Phase 3 development to address pain crises associated with the disease, and GBT021601 (GBT601), the company's next generation HbS polymerization inhibitor. In addition, GBT's drug discovery teams are working on new targets to develop the next generation of treatments for SCD.

22.     On August 7, 2022, the Company entered into the Merger Agreement with Pfizer.

23.     According to the press release issued on August 8, 2022, announcing the Proposed Transaction:

### Pfizer to Acquire Global Blood Therapeutics for $5.4 Billion to Enhance Presence in Rare Hematology

*Proposed acquisition drives growth by bringing leading sickle cell disease expertise, portfolio and pipeline to Pfizer with potential combined worldwide peak sales of more than $3 billion*

*Potential to address the full spectrum of critical needs in the underserved sickle cell community*

*Transaction valued at $68.50 per Global Blood Therapeutics share in cash, for a total enterprise value of approximately $5.4 billion*

**NEW YORK & SOUTH SAN FRANCISCO, Calif., August 8, 2022** — Pfizer Inc. (NYSE: PFE) and Global Blood Therapeutics, Inc. (GBT) (NASDAQ: GBT) today announced the companies have entered into a definitive agreement under which Pfizer will acquire GBT, a biopharmaceutical company dedicated to the discovery, development and delivery of life-changing treatments that provide hope to underserved patient communities, starting with sickle cell disease (SCD). The acquisition complements and further enhances Pfizer's more than 30-year heritage in rare hematology and reinforces the company's commitment to SCD by bringing expertise and a leading portfolio and pipeline with the potential to address the full spectrum of critical needs in this underserved community. Pfizer intends to continue to build on the companies' shared commitment to and engagement with the SCD community.

Under the terms of the transaction, Pfizer will acquire all the outstanding shares of GBT for $68.50 per share in cash, for a total enterprise value of approximately $5.4 billion, including debt and net of cash acquired. The Boards of Directors of both companies have unanimously approved the transaction.

SCD is a lifelong, devastating inherited blood disorder impacting millions of people worldwide, predominantly in populations of African, Middle Eastern and South Asian descent. GBT developed Oxbryta® (voxelotor) tablets, a first-in-class medicine that directly targets the root cause of SCD. Oxbryta was approved in the United States in November 2019 and is also approved in the European Union, United Arab Emirates, Oman and Great Britain. Net sales for Oxbryta were approximately $195 million in 2021. Leveraging its global platform, Pfizer plans to accelerate distribution of GBT's innovative treatment to parts of the world most impacted by SCD.

In addition, GBT is developing GBT021601 (GBT601), an oral, once-daily, next-generation sickle hemoglobin (HbS) polymerization inhibitor in the Phase 2 portion of a Phase 2/3 clinical study. GBT601 has the potential to be a best-in-class agent targeting improvement in both hemolysis and frequency of vaso-occlusive crisis (VOC). GBT's promising pipeline also includes inclacumab, a fully human monoclonal antibody targeting P-selectin which is being evaluated in two Phase 3 clinical trials as a potential quarterly treatment to reduce the frequency of VOCs and to reduce hospital readmission rates due to VOCs. Both GBT601 and inclacumab have received Orphan Drug and Rare Pediatric Disease designations from the U.S. Food and Drug Administration (FDA). If approved, GBT's pipeline and Oxbryta have the potential for an SCD franchise that could achieve combined worldwide peak sales of more than $3 billion.

"Sickle cell disease is the most common inherited blood disorder, and it

disproportionately affects people of African descent. We are excited to welcome GBT colleagues into Pfizer and to work together to transform the lives of patients, as we have long sought to address the needs of this underserved community," said Albert Bourla, Chairman and Chief Executive Officer, Pfizer. "The deep market knowledge and scientific and clinical capabilities we have built over three decades in rare hematology will enable us to accelerate innovation for the sickle cell disease community and bring these treatments to patients as quickly as possible."

"Today is an exciting milestone that accelerates GBT's mission to discover, develop and deliver life-changing treatments that provide hope to underserved patient communities," said Ted W. Love, M.D., President and Chief Executive Officer, GBT. "Pfizer will broaden and amplify our impact for patients and further propel much-needed innovation and resources for the care of people with sickle cell disease and other rare diseases, including populations in limited-resource countries. We look forward to working together with Pfizer to serve our communities and advance our shared goal of improving health equity and expanding access to life-changing treatments to create a healthier future for all."

Pfizer expects to finance the transaction with existing cash on hand. The proposed transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by GBT's stockholders.

**B. The Materially Incomplete and Misleading Proxy**

24.     On August 29, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of J.P. Morgan's fairness opinion, J.P. Morgan reviewed "certain internal financial analyses and forecasts prepared by or at the direction of the management of the Company relating to its business."

Likewise, in connection with the rendering of Centerview's fairness opinion, Centerview reviewed "certain internal information relating to the business, operations, earnings, cash flow, assets, liabilities and prospects of the Company, including certain financial forecasts, analyses and projections relating to the Company prepared by management of the Company and furnished to Centerview by the Company for purposes of Centerview's analysis."  Accordingly, the Proxy should have, but failed to, provide certain information in the projections that GBT's management provided to the Board and the financial advisors.

26.     Notably, Defendants failed to disclose line item entries forming the basis of the computation of each of the following: (a) EBIT; (b) Unlevered Free Cash Flow – Incl. NOLs and Equity Raise; and (c) Unlevered Free Cash Flow – Excl. NOLs and Equity Raise.

27.     Additionally, the Proxy also fails to disclose a description of the preliminary financial forecasts on which the financial advisors based their review of Company A's June 6, 2022 proposal and presented at the June 14, 2022 Board meeting, and the changes management made to those preliminary forecasts to achieve the updated financial forecasts presented to the Board on August 3, 2022.

28.     This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Financial Advisors' Financial Analyses*

29.     With respect to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy fails to disclose: (a) the key data, inputs, and assumptions forming the basis of the range of discount rates applied by J.P. Morgan; and (b) the Company's terminal values.

30.     With respect to the review of analyst price targets performed by J.P. Morgan, the Proxy fails to disclose the specific price targets and the sources of those targets analyzed by J.P.

Morgan.

31.     With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Proxy fails to disclose: (a) the key data, inputs, and assumptions forming the basis of the range of discount rates utilized by Centerview; (b) the Company's terminal values; and (c) the number of GBT's outstanding shares of stock on a fully-diluted basis.

32.     With respect to the *Selected Public Company* and *Selected Precedent Transaction Analyses* of Centerview, the Proxy fails to disclose the specific financial metrics and multiples for each of the selected companies and transactions studied by Centerview.

33.     With respect to the *Precedent Premiums Paid Analysis* of Centerview, the Proxy fails to disclose the specific transactions studied and the individual premiums each such transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Potential Conflicts of Interest by Company Insiders*

34.     The Proxy fails to disclose material information concerning the potential conflicts of interest by Company insiders, specifically, if Pfizer's proposals or indications of interest contained discussions concerning the retention of GBT management in the surviving corporation or the equity purchase of or participation in the equity of the combined company.

35.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

36.     In addition, the Individual Defendants knew or recklessly disregarded that the

8

Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the Proxy indicates that on August 7, 2022, J.P. Morgan and Centerview reviewed with the Board their financial analyses of the Merger Consideration and delivered to the Board their oral opinions, which were confirmed by delivery of written opinions of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to GBT stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning the financial advisors' financial analyses which have been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

39. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Defendants have filed the Proxy with the SEC with the intention of soliciting GBT

stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

42.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of GBT, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of GBT shares and the financial analyses performed by J.P. Morgan and Centerview in support of their fairness opinions; and (iii) potential conflicts of interest of Company insiders.

45.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that J.P. Morgan and Centerview reviewed and discussed their financial analyses with the Board during various meetings including

10

on August 7, 2022, and further states that the Board considered the financial advisors' financial analyses and fairness opinions in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

46.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of GBT within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of GBT and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the

Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to GBT stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 11, 2022

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*